**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:14-CR-4-2- JRG-RSP |
| | § | |
| MIECHAEL HOUSTON | § | |

<u>**REPORT AND RECOMMENDATION OF**</u>
<u>**THE UNITED STATES MAGISTRATE JUDGE**</u>

On July 21, 2017, the undersigned held a final hearing on the Government's petition (#58) to revoke supervised release. The Government was represented by Assistant United States Attorney Mary Ann Cozby. The Defendant, Miechael Houston, was represented by Ken Hawk.

Miechael Houston was sentenced on March 18, 2015, before The Honorable Rodney Gilstrap of the Eastern District of Texas after pleading guilty to the offense of Misprision of a felony, a Class E felony. This offense carried a statutory maximum imprisonment term of not more than 3 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of I, was 15 to 21 months. Miechael Houston was subsequently sentenced to 36 months imprisonment followed by 1 year supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment and testing. On February 17, 2017, Miechael Housotn completed his period of imprisonment and began service of the supervision term.

On July 14, 2017, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any

paraphernalia related to such substances, except as prescribed by a physician.   Specifically, the Government alleges as follows:   On February 27, 2017; March 2, 2017; April 7, 2017; April 24, 2017; May 4, 2017; May 16, 2017; June 12, 2017; and June 23, 2017, Mr. Houston submitted urine samples which tested positive for marijuana.

2) Special:   The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.   The defendant shall pay any cost associated with treatment and testing.   Specifically, the Government alleges as follows:   On May 10, 2017 and June 21, 2017, Mr. Houston failed to report for a scheduled substance abuse counseling session.

The Court scheduled a revocation hearing for July 21, 2017.   At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation No. 1 as set forth above.   Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 90 days, with no supervised release to follow such term of imprisonment.   Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**.   Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the

conditions of his supervised release.   It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**.   It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 90 days, with no supervised release to follow such term of imprisonment.

At the close of the July 21, 2017 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence.   Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 24th day of July, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE